WILLIAM M. VAN ANTWERP AND MARCUS T. HUN, APPELLANTS, *v.* HENRY KELLY, AS COUNTY TREASURER OF ALBANY COUNTY, AND CHARLES DEVOL, RESPONDENT.

*Section 5 of chapter 855 of 1869, as amended by chapter 141 of 1884, authorizing boards of supervisors to return taxes illegally assessed and levied — the resolution must be passed by a two-thirds vote of all the members of the board.*

Section 5 of chapter 855 of 1869, as amended by chapter 141 of the Laws of 1884, reads as follows: "The board of supervisors of any county, except New York and Kings, may, by a vote of two-thirds of all the members elected thereto, legalize the informal acts of any town meeting in raising money for any purpose for which such money is authorized to be raised by law, and by a like vote to legalize the irregular acts of any town officer performed in good faith within the scope of his authority, and also to correct any manifest clerical or other error in any assessments or returns made by any town officer to such board of supervisors, or which shall properly come before such board for their action, confirmation or review; and it may refund to any person the amount collected from him of any tax illegally or improperly assessed or levied. In raising the amount so refunded such board shall adjust and apportion the same upon the property of the several towns and wards of the county as shall be just, taking into consideration the proportion of State, county, town and ward tax included therein, and the extent of which each town or ward has been benefited thereby."

*Held,* that a careful reading of this section showed that it was intended to be a recital of the several things which the board of supervisors might do by a two-thirds vote of all the members elected thereto, and that each of the several things authorized, including the refunding of the amount collected of any tax illegally or improperly assessed, must be done by such two-third vote.

That the claim which the defendant Devol had presented to the board of supervisors of Albany county for a return of illegal taxes, alleged to have been levied upon premises owned by him in the city of Albany, having been audited and allowed by the said board, by the votes of only twelve members of the board instead of twenty, which were needed for the passage of a resolution by a two-thirds vote of all the members of the board, the audit and allowance was illegal and void.

APPEAL from a judgment rendered at the Albany Circuit and entered in the Albany county clerk's office on May 27, 1887, vacating an injunction restraining the county treasurer of Albany county from paying a claim of the defendant Charles Devol alleged to have been audited and allowed by the board of Supervisors of Albany county in his favor for erroneous taxation, and dismissing the complaint herein.

The plaintiffs claimed that the board did not audit, and had not jurisdiction to audit or allow the claim; while the defendant Devol claimed that the board duly allowed it, and had jurisdiction so to do.

*Tracey & Cooper*, for the appellants.

*Edward Newcomb*, for the respondent.

LANDON J. :

The appellants urge, and, as we think, properly, that, assuming the board of supervisors had the power to allow the claim of the defendant Devol they did not do it, for the reason that the resolution for its allowance needed for its passage a two-thirds vote of all the members of the board, being twenty out of thirty; whereas it only received twelve out of the twenty-two present and voting. It was stipulated by the parties that the case should be decided under chapter 141 of the Laws of 1884. This is as follows:

" SECTION 1. Section five of chapter eight hundred and fifty-five of the Laws of eighteen hundred and sixty-nine, entitled 'An act to extend the powers of boards of supervisors, except in the counties of New York and Kings,' as amended by chapter six hundred and ninety-five of the Laws of eighteen hundred and seventy-one, is hereby amended to read as follows:

" § 5. The board of supervisors of any county, except New York and Kings, may, by a vote of two-thirds of all the members elected thereto, legalize the informal acts of any town meeting in raising

money for any purpose for which such money is authorized to be raised by law, and by a like vote *to* legalize the irregular acts of any town officer performed in good faith, and within the scope of his authority; and, also, *to* correct any manifest clerical or other error in any assessments or returns made by any town officer to such board of supervisors, or which shall properly come before such board for their action, confirmation or review; and it may refund to any person the amount collected from him of any tax illegally or improperly assessed or levied. In raising the amount so refunded, such board shall adjust and apportion the same upon the property of the several towns and wards of the county as shall be just, taking into consideration the portion of State, county, town and ward tax included therein, and the extent to which each town or ward has been benefited thereby."

A careful reading of section 5 shows that its first sentence, ending with the first period, was intended to be a recital of the several things which the board of supervisors may do by a two-thirds vote of all the members elected thereto. That is to say: "The board of supervisors * * * may, by a two-thirds vote of all the members elected thereto (first), legalize the informal acts," etc.; (second) "legalize the irregular acts," etc.; (third) "correct any manifest clerical error," etc.; (fourth) "refund to any person the amount collected from him of any tax illegally or improperly assessed or levied." The fourth clause is just as dependent upon the first as is the second. The clearness of the whole sentence, and the dependence of the parts which we have numbered first, second, third and fourth, upon the commencing clause, are obscured by the improper insertion of the word "to," which we have distinguished by italics in the unabreviated section; thus making the sentence, in effect, improperly read: "The board of supervisors * * * may *to* legalize," * * * "may *to* correct," etc. We cannot construe such a jargon of words except by striking out those which are meaningless as they stand, and were, obviously, carelessly inserted. Stricken out, the language is plain and its meaning as above indicated.

When the board of supervisors refund any tax illegally assessed upon and collected from a person, they, in effect, correct the illegal assessment. They award to the claimant the money wrongfully exacted from him, and the act quoted requires them properly to

apportion the amount upon the other property in the several wards and towns. In this case the only way in which the error in assessment was corrected was by the award to the claimant. It is difficult to see why the act requiring a two-thirds vote to correct an illegal assessment should not be observed, whether the correction is made indirectly by refunding the tax, or directly by correcting the rolls.

It follows that the judgment should be reversed and the injunction awarded.

LEARNED, P. J., and INGALLS, J., concurred.

Judgment reversed, new trial granted, costs to abide event.